# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JERRY L. STOCKDALL and
CHRISTINA L. STOCKDALL,

        Plaintiffs,

vs.

TG INVESTMENTS, INC., GEORGE
SHIPMAN and TINA SHIPMAN,

        Defendant.

Case No. 17-MC-6-CVE

## **OPINION AND ORDER**

    Defendant George Shipman's Motion for Protective Order, [Dkt. 38], and Plaintiffs' Motion to Compel Discovery Responses, [Dkt. 43], have been referred to the undersigned United States Magistrate Judge. The motions have been fully briefed and the matters are ripe for decision.

    The present action was filed in this court as a post judgment proceeding in aid of execution on a final judgment rendered against Defendant in the Eastern District of Missouri, Case No. 14-CV-1557. Defendant, George Shipman, has given his deposition and testified that he owns no individual assets because he has put everything into a trust. By way of interrogatories, [Dkt. 38, pp. 10-15], and requests for production of documents, [Dkt. 38, pp. 17-23], Plaintiffs seek discovery about the assets of the trust, about transfers of funds on behalf of the trust, and about transfers of funds and transactions between named entities with which Defendant is or has been associated.

    Although Defendant posed objections in answer to the individual discovery requests, in his motion for protective order he did not discuss those objections but generally objected to Plaintiffs' discovery on the basis that the trust was created before the Missouri case was

commenced. Defendant asserts that the Plaintiffs have not and cannot meet the requirements of the Oklahoma Uniform Fraudulent Transfer Act (OUFTA), 24 Okla. Stat. §112, *et seq.* so as to invalidate the transfers to the trust and further that the statute of limitations has run on that claim. The instant motions are not the appropriate vehicle for making a determination about whether OUFTA applies to prevent Plaintiffs from reaching the trust assets to satisfy the judgment against Defendant. The question before the court is whether Plaintiffs should be denied discovery.

In aid of execution a judgment creditor may obtain discovery as provided in the Federal Rules of Civil Procedure. Fed.R.Civ.P. 69(a)(2). The scope of discovery is defined in Fed.R.Civ.P. 26(b)(2) which provides that parties may discover any nonprivileged matter that is relevant to a party's claim or defense.[1] In *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 134 S.Ct. 2250, 2254, 189 L.Ed.2d 234 (2014), the Supreme Court described the rules governing discovery in postjudgment execution proceedings as "quite permissive."

Even if Defendant ultimately prevails on the fraudulent transfer or statute of limitations issues, which are not addressed herein, under Fed.R.Civ.P. 69(a)(2) Plaintiffs are none-the-less entitled to discover information which the court finds includes but is not limited to the creation of the trust, the terms of the trust, the details about how the trust has been funded, and how the affairs of the trust have been conducted in order to determine whether there is any basis to disregard the existence of the trust or to execute on the

---

[1] Throughout the objections posed in answer to the subject discovery requests Defendant recites that the requests are "not calculated to lead to the discovery of any admissible evidence." [Dkt. 38, pp. 11-23]. The quoted statement does not accurately express the scope of discovery.

2

assets flowing from the trust to Defendant or for his benefit. In this regard, the court finds the case, *U.S. v. Tingley*, 716 F.3d 1295, 1298-1300 (10th Cir. 2013) to be instructive.

In *Tingley* the Court considered whether a tax lien could be imposed on a ski cabin held in a trust. The case is instructive, not because of the result reached by the Court or the Court's analysis, but because the decision contains extensive detail about the transactions to purchase the ski cabin, maintenance of the cabin, use of it, the source of payments for insurance and the note on the cabin, and the involvement of the debtor in the trust's affairs. Where the note payments came from other trusts or companies with which debtor was associated, the Court noted the nature of the debtor's involvement. These details were necessary to the Court's decision which illustrates both the relevance of the information and that the information had to be obtained through some manner of discovery. The *Tingley* case thus demonstrates that discovery of the type sought by Plaintiffs is appropriate.

The court finds that Plaintiffs' discovery requests fall within the broad definition of relevancy and further finds that Defendant has not demonstrated that it would be unduly burdensome to fully answer the requests.

Defendant George Shipman's Motion for Protective Order, [Dkt. 38], is DENIED. Plaintiffs' Motion to Compel Discovery Responses, [Dkt. 43], is GRANTED.[2] Defendant is

---

[2] Plaintiffs assert that they "believe that an entire accounting of the D & J Revocable Trust, from its inception to date, as well as all corporations allegedly held within it, should be ordered produced, so that Plaintiffs may uncover the true nature of the trust and the lengths to which Defendant Shipman has hidden attachable assets." [Dkt. 43, p. 26]. Plaintiffs have not cited any authority to suggest that the granting of their motion to compel discovery should result in the court ordering an accounting. That aspect of Plaintiffs' prayer for relief is denied.

required to provide complete answers to Plaintiffs' discovery requests on or before January 10, 2019.

SO ORDERED this 13th day of December, 2018.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE